## Equitable Life Assurance Society of United States v. Austin.

(Decided June 12, 1934.)

(Rehearing Denied June 26, 1934.)

BRUCE & BULLITT, WM. MARSHALL BULLITT, and EUGENE B. COCHRAN for appellant.

KIRK & WELLS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action by a holder of individual certificates issued to him in accordance with the provisions of a group policy issued and delivered by the Equitable Life Assurance Society of the United States to the Consolidation Coal Company, insuring the lives of its employees and binding the Equitable to pay "equal month Disability-installments," the number and amount set forth in the policy and riders thereto attached, in the event the employee, "before attaining the age of 60 becomes totally and permanently disabled by bodily injury or disease and will thereby be presumably prevented for life from engaging in any occupation or performing any work for financial value upon receipt of due proof of such disability," during the life of the policy.

Oba Austin, one of the employees of the Consolidation Coal Company, was issued and delivered certificates under two policies, the disability installments aggregating $1,750. He brought this action, claiming while he was an employee of, and working for, the Consolidation Coal Company in its mines at Van Lear, Johnson county, he had sustained an injury in January, 1932, resulting in a total, permanent disability. On a trial before a jury, a verdict was returned in his favor for $1,678.

The Equitable, appealing, is here insisting the instructions are erroneous "in requiring the jury to find a verdict for all the installments or none of them," and "in failing to instruct the jury it could find for a part of the installments"; "in allowing him to recover 35 monthly installments of $52.12 each, when he could recover 60 installments of $31.71 each"; and "in fixing the commencement of Austin's disability as of August 17th, 1931, instead of January 26th, 1932, the date of the alleged injury."

The form of the judgment herein is identical with that in Equitable Life Assur. Soc. of the U. S. v. Goble, 254 Ky. 614, — S. W. (2d) — , decided March 20, 1934. Our observation and conclusion in that case are deter-

minative of the Equitable's objection to the form of judgment in this case.

The testimony of Austin and the physicians introduced in his behalf, if believed by the jury, abundantly established his disability was both total and permanent, within the terms of the policy; while that of the witnesses for the Equitable established the contrary. It was the province of the jury to reconcile this conflicting evidence. It accepted the theory of Austin and his witnesses and not that of the Equitable and its witnesses. In the circumstances we are not authorized to disturb its verdict. The physicians who testified for the Equitable declared Austin, in February, 1932, had something like la grippe or influenza; the irregularity in his chest was a "congenital deformity of the sternum" and that his chest showed no signs of a broken bone. One or more of the physicians who testified for Austin claimed they had examined Austin with the X-ray and it showed he had "about four or five fractured ribs on the left side"; the bone had absorbed on that side and showed a chest deformity, and with the bone of the ribs absorbed he had no support of the chest. All the witnesses introduced by Austin testified his injury was permanent; those of the Equitable that he had recovered from la grippe or influenza and there was no injury of his chest discoverable by the use of the X-ray.

It should be observed that the evidence of the parties is directed to the questions as to whether Austin had sustained the injury at all and not whether he had sustained it and thereafter recovered. The court correctly submitted this issue on the theory of the parties by approved instructions. With Austin contending he had sustained an injury that totally and permanently disabled him and the Equitable insisting that he had only had la grippe or influenza, and had not sustained an injury, it was neither necessary nor proper to give to the jury an additional instruction that it could find that Austin had recovered from his injury, or that it could find for him for only a part of the period of his claimed disability, rather than for the entire period.

The group policy, when it was issued in 1929, provided that when the amount of the insurance payable by its provisions to an employee was $1,750, the total and permanent disability benefits would be payable in 35 monthly installments of $52.12 each. The disability

provision was amended on August 1, 1931, by the addition of a rider, signed by both the Equitable and the Consolidation Coal Company and securely attached to the group policy so that thereafter disability benefits, when the amount of insurance was $1,750, should be payable in 60 monthly installments of $31.71 each. The basis of Austin's action was the individual certificates issued to him. The policy was brought into the case by the Equitable's answer. The actual contract of insurance, from which Austin's rights must be measured, was the group policy. The certificates issued and delivered to him contained no promise to pay. They merely notified him he had been insured "by a policy of group life insurance."

The judgment, as it was entered, disregarded the amendment of August 1, 1931, as evidenced by the rider attached to the policy. The judgment provides for the recovery of six installments of $52.12 each, for August, September, October, November, and December, 1931, and for January, 1932, or a total of $312.70. The judgment correctly gave the Equitable credit by $72, which Austin conceded in his original and amended petition as having been paid him as sick benefit under the group accident and health policy.

The policy provides "the Society will" "upon receipt of due proof of such disability" pay equal monthly disability installments, the number and amount of which shall be determined by the table of installments set forth in the policy as amended by the rider attached thereto. Austin claimed and proved to the satisfaction of the jury, he had sustained his injuries in January, 1932. The original petition was filed May 5, 1932. Thus it is apparent the court erred in fixing in the judgment "the commencement of the disability as of August 17th, 1931, instead of January 26th, 1932."

Therefore, it is reversed with directions to enter a judgment fixing the commencement of the disability as of January 26, 1932, according to the rider, dated August 1, 1931, and for proceedings consistent with this opinion.