**CONNECTICUT GENERAL LIFE INS. CO.**
**v. LOCKWOOD.**
**No. 2779.**

Court of Civil Appeals of Texas. Beaumont.
June 17, 1935.

Rehearing Denied June 19, 1935.

: Duff & Cecil and Orgain, Carroll & Bell, all of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellee.

COMBS, Justice.

Appellee, Milton Lockwood, was for a number of years an employee of the Gulf Refining Company. Prior to March 31, 1932, appellee, as such employee, was insured under two group life and disability insurance policies designated as policies No. G–5545 and No. G–5039, issued by appellant covering the employees of the Gulf Oil Corporation and its subsidiary companies. In accordance with an agreement executed by appellee, the appellant canceled said two policies as of midnight March 31, 1932, and issued to appellee in lieu of them its certificate of insurance insuring him under group policy No. G–5039–R, which latter policy became effective upon termination of the former policies. Appellee's employment with the Gulf Refining Company terminated May 22, 1932.

Appellee, as plaintiff, filed · this suit claiming the disability benefits provided for under the first two policies, alleging as grounds therefor that in December, 1929, while cleaning out a coke still, he was overcome by heat, and that again in November, 1931, he was overcome by heat, but in a few days managed to return to his work, although suffering from dizziness, headache, irregular heart action, and other symptoms; that a short while after resuming his duties his condition of dizziness, headaches, shortness of breath, irregular heart action, pain in the region of the back and kidneys, which had persisted from the ·time of his injuries, continued to grow worse; that a short while after resuming his duties such condition became "more pronounced and steadily progressed for the worse until the early part of · March, 1932, at which time and prior thereto he was suffering from hypertrophy of the heart, nephritis, impairment of the lungs, and high blood pressure from which he suffered pain in the chest, dizziness, severe headaches, shortness of breath, irregular heart action, pain in the back and region of the kidneys and from nausea and difficult breathing and he was thereby rendered totally disabled. He alleges that he was unaware of the seriousness of his condition, the danger to his life from exertion in the performance of his duties, and that he

attempted to continue in his employment, working, as his condition permitted, in great pain and discomfort and at the risk of his life until his employment with the Gulf Refining Company was terminated on or about May 22, 1932, since which time he has been unable to do nor has he done any work." Among special defenses pleaded, the defendant plead a release by the plaintiff of all claims under the policies sued on.

Originally two suits were filed, one on each of the policies. In the suit on policy No. G–5545 attorney's fee of $450 was sought, and in the suit on policy No. G–5039 an attorney's fee of $150 was sought. The two suits were consolidated, and trial of the consolidated case had to a jury.

The jury found in response to special issues 1 and 2 that plaintiff, Milton Lockwood, was at the time of the trial totally and permanently disabled. Special issue No. 3 was as follows: "Do you find from a preponderance of the evidence that such total disability, if any you have found, commenced between March 1, 1932, and March 15, 1932?" To which the jury answered "No."

The jury also found that Lockwood's disability is not partial and is not temporary. Also that his disability could not at any time after March 1, 1932, have been relieved by reasonable medical treatment to such an extent that it would not be total and that his disability could not be cured by reasonable medical treatment after March 30, 1932. The defendant had also pleaded nonliability under the policies sued on on the ground that in executing the agreement for the substituted policy Lockwood had released all claims under the two policies sued on. Certain findings were made by the jury with respect to his execution of the release which we do not deem it necessary to set forth or discuss. Other than the issue inquiring as to whether Lockwood became totally and permanently disabled between the 1st and 15th of March, 1932, no issue was submitted as to when his disability began.

On the verdict of the jury the appellant moved for judgment, which motion was overruled, and judgment entered for appellee for the benefits and attorney's fees sued for.

■ Appellant's first proposition is to the effect that in accepting policy No. G–5039–R, which became effective at midnight March 31, 1932, Lockwood released all claims under the two policies sued on. The contention is without merit. Appellant relies upon the following stipulation contained in the release executed by Lockwood: "I hereby accept as of midnight of March 31, 1932, the cancellation of my insurance protection under Policy G–5039 and/or Policy G–5545 and do release any claim thereunder, and I accept in lieu of said insurance protection the benefits granted under said Policy G–5039–R. In case claim has heretofore been made by me, or is made by me under said Policy G–5039 and/or Policy G–5545 prior to midnight of March 31, 1932, I agree that the above application for insurance is null and void; any deduction which may have been made from my pay under the above authorization to be returned to me."

Plaintiff pleaded several defenses against the release, including mistake, failure of consideration, and non est factum. And the jury made certain findings in his favor with reference thereto. We regard these pleas and findings as immaterial. As a matter of law, the effect of the release was to permit cancellation of the two old policies and to accept a new policy in lieu thereof, so that all claims arising after the effective date of the new policy could be asserted only under that policy and not under the two policies which it superseded. In agreeing to the cancellation of the old policies, appellee, by the very terms of the release, agreed to "accept in lieu of said insurance protection the benefits granted under said policy G–5039–R." The release therefore related to insurance protection and benefits. It should therefore be construed in view of such evident purpose and intent. As we construe it, it did not purport to release, nor did it have the effect of releasing, any claim or cause of action which may have accrued under the policies while they were effective.

■ Appellant's contention that there is no basis in the findings of the jury for the judgment entered in appellee's favor must be sustained. The evidence raised a question of fact that appellee became totally and permanently disabled while the two policies sued upon were in full force and effect. The only issue submitted by the court to the jury as to when the total and permanent disability began inquired as to whether it began between the 1st and 15th of March, 1932, and that issue was answered against appellee. The judgment

is therefore clearly without support in the findings of the jury.

However, we do not concur in appellant's proposition that this court should reverse and render the case in its favor because of such condition of the record. The policies sued upon were in force for many years prior to the time of their cancellation on March 31, 1932. There is evidence to warrant a jury in finding that the total and permanent disability did begin while said policies were in effect. We deem it our duty, therefore, to reverse and remand this case for a new trial in order to give the appellee opportunity to further develop his case by pleading and proof and submit the same to a jury upon appropriate issues.

Appellant contends that both policies sued on are Pennsylvania contracts, and that, because attorney's fees are not recoverable under the statutes of that state, it was error for the trial court to award attorney's fees. The policies involved here were before this court in Connecticut General Life Ins. Co. v. Moore, 75 S.W.(2d) 329 (writ dismissed). This court there held that policy No. G–5039 was a Pennsylvania contract, and that policy No. G–5545 was a Texas contract. We adhere to the holding there made and refer to the opinion of Chief Justice Walker in the Moore Case for a discussion of the legal principles involved.

For the errors discussed, the judgment of the trial court is reversed, and the cause remanded.