## BOSEMAN *v.* CONNECTICUT GENERAL LIFE INSURANCE CO.

No. 531.   Argued March 4, 5, 1937.—Decided April 26, 1937.

*Mr. Leon P. Howell,* with whom *Mr. Sterling D. Bennett* was on the brief, for petitioner.

*Messrs. Wm. Marshall Bullitt* and *Major T. Bell,* with whom *Mr. B. M. Anderson* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner, a citizen and resident of Texas, brought this action against respondent, a Connecticut corporation, in

a Texas court to recover $4,000 with interest and attorney's fees. Respondent removed the case to the federal court for the eastern district of Texas.

The suit was to recover for permanent total disability under a policy of group insurance issued in Pennsylvania by respondent to the Gulf Oil Corporation. It covers employees of that corporation and its subsidiaries, of which the Gulf Refining Company is one. Petitioner, an employee of that company, by that policy was insured in respect of life and disability. It provides that "no claim for permanent total disability incurred by any employee during his period of employment shall be paid after the termination of such employment unless such employee gave written notice of such disability to the Company during the said period of employment or within 60 days thereafter." That provision is conceded to be valid under Pennsylvania law. Petitioner failed to give the notice within the time specified. Article 5546, Revised Civil Statutes of Texas, declares that no stipulation in a contract requiring notice as a condition precedent to the right to sue thereon shall be valid unless reasonable. "Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void . . ." The district court held the Texas law controlling and refused to give effect to the quoted policy provision. The Circuit Court of Appeals held the Pennsylvania law applicable, the policy provision valid, and that petitioner, having failed to give the required notice, was not entitled to recover. 84 F. (2d) 701. The sole question is whether the Pennsylvania law or the Texas law governs.

In 1916 petitioner became an employee of the refining company and thereafter worked for it until October 8, 1932. During parts of that period he was insured by two group policies issued by defendant to the oil corporation. Both covered employees of the refining com-

pany. One, No. G5039, became effective in 1919; the employer paid the premiums; the employees contributed nothing to reimburse the employer or to procure the insurance or to keep the policies in force. The other, No. G5545, became effective in 1925; employees contributed part of the premiums thereon. Both terminated at the time of the taking effect, April 1, 1932, of the one, No. G5039R, under which petitioner brought this action.

March 7, 1932, plaintiff made an application under the last mentioned policy—then in contemplation—for the amount applicable on and after April 1, 1932, according to his salary classification and continuous service as provided in the policy. In his application he agreed to be bound by the rules governing the insurance, authorized his employer to deduct in advance the proper amount per month from his pay to cover a part of the premiums to be paid by the oil corporation to defendant on the policy to be issued, accepted cancelation of his insurance and released claims under the earlier policies and, in lieu of that protection, took the benefits granted by the new policy. The application was not addressed, made or sent to defendant. It was delivered to, and became and remained a part of the permanent records of, the refining company.

March 15, 1932, the oil corporation made written application, which was signed by it and delivered to defendant in Pennsylvania, for the policy of insurance, and in the same instrument asked cancelation of the earlier policies. It requested that the policy be issued in Pennsylvania and that it be governed by the laws of that State. Final agreement between defendant and the oil corporation for execution and delivery of the policy was reached in Pennsylvania. On or about the same day defendant accepted the application; it signed the policy in Connecticut and issued and delivered it to the oil corporation in Pennsylvania. In that state the oil corporation paid the binding

premium required by the policy. None of the negotiations for the policy and no act done for its execution or delivery took place in Texas or in any State other than Pennsylvania and Connecticut.

The policy also provides: It is issued for a term of one year in consideration of the application of the employer, the payment of a binding premium and of other premiums provided for. Each employee in service April 1, 1932, insured up to that date under policy G5545 becomes eligible on April 1, 1932. An employee may elect insurance under the policy by completing any form of payroll deduction order approved by the employer. Each employee electing the insurance before becoming eligible will be insured automatically on the day he becomes eligible. On the effective date of the policy and on each annual renewal date an average annual premium rate will be established. The employer shall give the insurer notice of terminations of insurance and additions of employees becoming eligible. The changes shall be considered as having taken effect as if notice thereof had been given in advance. Upon termination of employment of any insured employee his insurance shall be canceled. "The Company will issue to the Employer for each insured employee an individual certificate. This certificate will in no way void any of the terms and conditions outlined in the policy but will show the insurance protection to which the employee is entitled . . . The policy and the application of the Employer . . . and the applications of the employees, if any, shall constitute the entire contract between the parties . . . This contract is issued and delivered . . . in the Commonwealth of Pennsylvania and is governed by the laws of that Commonwealth."

Defendant was not writing disability, life or group insurance in Texas in 1918, 1925 or 1932, the years respectively in which it issued to the oil corporation the above

mentioned policies, Nos. G5039, G5545 and G5039R. March 21, 1932, the Texas Board of Insurance Commissioners issued its certificate authorizing defendant to pursue the business of life, health and accident insurance within that State for the year ending February 28, 1933. But since 1917 defendant has not written any contracts of insurance nor has it had there any agent qualified so to do. It has no licensed agent, has not qualified to write insurance contracts in Texas or since 1917 accepted any application for insurance originating in that State. The evidence is that respondent "has never written or delivered a contract or policy of insurance of any kind or character in the State of Texas."

On April 1, 1932, petitioner automatically became insured under the policy. The monthly premium for his insurance was $3; monthly deductions of $2.40 were made by the refining company and sent by it to the oil corporation at Pittsburgh. Defendant charged the premiums to the oil corporation and the latter paid them by check sent from Pittsburgh to defendant at Hartford.

About May 1, 1932, respondent issued and delivered to the oil corporation an individual certificate stating that it was issued pursuant to the policy and that subject to its terms and conditions petitioner, John Boseman, an employee was insured under Schedule B of the policy. The certificate contained the above quoted policy provision requiring notice of disability. The oil corporation sent the certificate to petitioner's employer and July 20, 1932, the latter delivered it to petitioner in Texas. The defendant did not deal with the plaintiff or any of the employees of the refining company with reference to the insurance, certificates issued under the policy or premiums. All its dealings were with the oil corporation. Petitioner became totally disabled prior to termination of his employment which ended October 8, 1932. His insurance was canceled as of that date.

202

■ The oil corporation and respondent intended, and the policy definitely declares, that Pennsylvania law should govern. Undoubtedly, as between employer and insurer, Pennsylvania law controls.[1] "In every forum a contract is governed by the law with a view to which it was made."[2] But the precise issue for decision is whether, as between petitioner and insurer, the policy provision requiring notice of claim is governed by Pennsylvania law or Texas law. Petitioner and other insured employees were not parties to, nor did they have any voice in, the negotiation or consummation of the contract. The terms of the policy were settled by the oil corporation and respondent. Eligible employees were given opportunity upon specified conditions to have insurance by giving payroll deduction orders approved by their employer. The policy did not of itself insure petitioner or any other person. It merely made available specified insurance to certain employees. For the payment of premiums the insurer looked only to the corporation. The latter, for the benefit of its insured employees, assumed the burden of paying to the insurer premiums to which they by the deduction orders had contributed.[3]

---

[1] *Equitable Life Society* v. *Clements*, 140 U. S. 226, 232. *Mutual Life Ins. Co.* v. *Cohen*, 179 U. S. 262, 264–265, 267. *Northwestern Mutual Life Ins. Co.* v. *McCue*, 223 U. S. 234, 246–247. *New York Life Ins. Co.* v. *Dodge*, 246 U. S. 357, 372 *et seq. Mutual Life Ins. Co.* v. *Liebing*, 259 U. S. 209, 214. *Hartford Indemnity Co.* v. *Delta Co.*, 292 U. S. 143, 150. Cf. *Seeman* v. *Philadelphia Warehouse Co.*, 274 U. S. 403, 408–409. *Home Insurance Co.* v. *Dick*, 281 U. S. 397, 408. *John Hancock Mutual Life Ins. Co.* v. *Yates*, 299 U. S. 178.

[2] *Wayman* v. *Southard*, 10 Wheat. 1, 48. *Pritchard* v. *Norton*, 106 U. S. 124, 136.

[3] See *Meyerson* v. *New Idea Hosiery Co.*, 217 Ala. 153, 157; 115 So. 94.

By his application petitioner accepted the provisions of the policy including the agreement of the oil corporation and respondent that the policy is governed by Pennsylvania law.

■ Petitioner insists that the delivery of the certificate in Texas made the law of that State, Art. 5546, applicable. But the certificate is not a part of the contract of, or necessary to, the insurance.[4] It is not included among the documents declared "to constitute the entire contract of insurance." Petitioner was insured on the taking effect of the policy long before the issue of the certificate. It did not affect any of the terms of the policy. It was issued to the end that the insured employee should have the insurer's statement of specified facts in respect of protection to which he had become entitled under the policy. It served merely as evidence of the insurance of the employee. Petitioner's rights and respondent's liability would have been the same if the policy had not provided for issue of the certificate. And plainly delivery of the certificate by the refining company to petitioner in Texas has no bearing upon the question whether Pennsylvania law or Texas law governs in respect of the notice of claim. We are unable to agree with decisions of the Court of Civil Appeals of Texas in cases similar to this that the certificate is a part of the contract of insurance or that its delivery

---

[4] *All States Life Ins. Co.* v. *Tillman,* 226 Ala. 245, 248; 146 So. 393. *Equitable Life Assurance Society* v. *Austin,* 255 Ky. 23, 26; 72 S. W. (2d) 716. *Seavers* v. *Metropolitan Life Ins. Co.,* 132 Misc. 719, 722; 230 N. Y. S. 366. *Thull* v. *Equitable Life Assurance Society,* 40 Ohio App. 486, 488. *Metropolitan Life Ins. Co.* v. *Lewis* (La. App.) 142 So. 721, 722. *Hardie* v. *Metropolitan Life Ins. Co.* (Mo. App.) 7 S. W. (2d) 746, 747. *McBride* v. *Connecticut General Life Ins. Co.,* 14 F. Supp. 240, 241.

is necessary to make the policy effective.[5] Nor are we required to follow their construction.[6]

▮ In support of his contention that Texas law applies petitioner suggests that the insurer, acting through the employer as its agent in that State, solicited and procured him to take insurance under the policy. There is no evidence that the insurer expressly authorized the oil corporation or any of its subsidiaries to act for it in consummating insurance under the policy. Petitioner's election and the employer's application for the policy were made before the Texas Board authorized the insurer to do business in that State. By uncontradicted evidence it is shown that the insurer did not qualify to solicit or write insurance or accept any application originating there. Employers regard group insurance not only as protection at low cost for their employees but also as advantageous to themselves in that it makes for loyalty, lessens turn-over and the like.[7] When procuring the policy, obtaining applications of employees, taking payroll deduction orders, reporting changes in the insured group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer but

---

[5] *Connecticut General Life Ins. Co.* v. *Moore*, 75 S. W. (2d) 329. *Connecticut General Life Ins. Co.* v. *Dent*, 84 S. W. (2d) 250. *Connecticut General Life Ins. Co.* v. *Lockwood*, 84 S. W. (2d) 245. *Metropolitan Life Ins. Co.* v. *Worton*, 70 S. W. (2d) 216. *Metropolitan Life Ins. Co.* v. *Wann*, 81 S. W. (2d) 298.

[6] *Carpenter* v. *Providence Washington Insurance Co.*, 16 Pet. 495, 511–512. *Washburn & Moen Mfg. Co.* v. *Reliance Ins. Co.*, 179 U. S. 1, 15. *Aetna Life Ins. Co.* v. *Moore*, 231 U. S. 543, 559. See *Swift* v. *Tyson*, 16 Pet. 1, 19. *B. & W. Taxi Co.* v. *B. & Y. Taxi Co.*, 276 U. S. 518, 530, and cases cited.

[7] *Nohl* v. *Board of Education*, 27 N. M. 232, 234 *et seq.;* 199 Pac. 373. *State ex rel. Thompson* v. *Memphis*, 147 Tenn. 658, 663 *et seq.;* 251 S. W. 46. *Aetna Life Ins. Co.* v. *Lembright*, 32 Ohio App. 10, 14; 166 N. E. 586. Encyclopaedia of Social Sciences, Vol. 7, Group Insurance, pp. 182, 185.

for their employees or for themselves.[8]  And wholly in accord with that view are the acts done in Texas that are claimed by petitioner to be attributable to the refining company or its agents.  They are: The termination of the earlier policies; acceptance of petitioner's release of claims under them and his application under the new policy by the giving of payroll deduction orders; delivery of the certificate to petitioner; the forwarding to the oil corporation of the amounts deducted from his pay on account of premiums.  None of these was done for or on behalf of the insurer.  The undisputed circumstantial facts require the conclusion that the employer acted not as agent of the insurer but for and on behalf of petitioner and other insured employees and in its own interest.[9]

■ Petitioner cites Arts. 5054 and 5056, Revised Civil Statutes, as opposed to the lower court's ruling: "If employes in Texas desire to join in an insurance plan about to be set up or already in operation in Pennsylvania, and either in person or through their employer take steps in Pennsylvania to do so, the laws of Texas do not control it."  Article 5054 applies only to contracts of insurance made by an insurance company doing business in Texas.[10]  The respondent did no business in that State.[11]  Article 5056 merely declares that one who in Texas does specified things in respect of insurance shall be held to be the agent of the insurance company for which the act is done or the risk taken "as far as relates

---

[8] *Duval* v. *Metropolitan Life Ins. Co.*, 82 N. H. 543, 548; 136 Atl. 400.  *People ex rel. Kirkman* v. *Van Amringe*, 266 N. Y. 277, 282; 194 N. E. 754.  *Connecticut General Life Ins. Co.* v. *Speer*, 185 Ark. 615, 617; 48 S. W. (2d) 553.  *Leach* v. *Metropolitan Life Ins. Co.*, 124 Kan. 584, 589; 261 Pac. 603.  *Equitable Life Assurance Society* v. *Hall*, 253 Ky. 450, 452–453; 69 S. W. (2d) 977.  *Dewease* v. *Travelers Insurance Co.*, 208 N. C. 732, 734; 182 S. E. 447.

[9] See Note 8.

[10] Art. 5054 (then Art. 4950, Rev. Civ. Stat. 1911) is quoted in *Aetna Life Ins. Co.* v. *Dunken*, 266 U. S. 389, 390–391.

[11] Cf. *Minnesota Association* v. *Benn*, 261 U. S. 140, 145.

to all the liabilities, duties, requirements and penalties set forth in this chapter." Clearly there is nothing in that article as expounded by the Supreme Court of Texas (*Insurance Co.* v. *Walker*, 94 Tex. 473; 61 S. W. 711) that has any bearing on the question under consideration. The challenged ruling is sound and well supported by our decisions.[12]

█ The conclusion that Pennsylvania law governs the policy provision requiring notice of claim is supported not only by the making and delivery of the contract of insurance in that State, the declaration in the policy that Pennsylvania law shall govern and petitioner's acceptance of the insurance according to the terms of the policy but also by the purpose of the parties to the contract that everywhere it shall have the same meaning and give the same protection and that inequalities and confusion liable to result from applications of diverse state laws shall be avoided.[13]

*Affirmed.*

---

[12] *Allgeyer* v. *Louisiana*, 165 U. S. 578, 588. *Minnesota Association* v. *Benn*, 261 U. S. 140, 145. *Aetna Life Ins. Co.* v. *Dunken*, 266 U. S. 389, 399. *Hartford Indemnity Co.* v. *Delta Co.*, 292 U. S. 143, 149.

[13] See Note 11. Cf. *Royal Arcanum* v. *Green*, 237 U. S. 531, 542. *Modern Woodmen* v. *Mixer*, 267 U. S. 544, 551.