## CONNECTICUT GENERAL LIFE INS. CO. v. HICKMAN.

### No. 14201.

Court of Civil Appeals of Texas. Fort Worth.

March 28, 1941.

Rehearing Denied April 25, 1941.

Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellant.

Donald & Donald and J. W. Chancellor, all of Bowie, for appellee.

BROWN, Justice.

This suit arises over the issuance of a group life and disability insurance policy. issued by appellant, Connecticut General Life Insurance Company, of Hartford, Connecticut, to Gulf Oil Corporation, of Pennsylvania, for the benefit of its employees and the employees of its subsidiary and affiliated companies.

Appellee Hickman alleged that he was an employee of Gulf Refining Company, in Texas; that such company is a subsidiary of Gulf Oil Corporation; that he sustained an injury while discharging his duties as such employee, having received a severe strain and having inhaled certain fumes that resulted in his lungs being injured and from which he contracted tuberculosis; and that he has been totally and permanently disabled.

His policy of insurance was for the principal sum of $5,500, but he expressly

waived all right to recover except for the sum of $2,995.

The insurance carrier answered, setting up the provisions of the Master Policy, which will be noted hereinafter; that the insurer is a Connecticut corporation, and that Gulf Oil Corporation is a Pennsylvania corporation; that the Pennsylvania corporation made application to the insurer at its home office, for the contract of insurance, and requested that the policy be issued in Pennsylvania, and that it be governed by the laws of Pennsylvania, and that the contract specifically states that same shall be governed by the laws of Pennsylvania; that the defendant insurance carrier was not transacting business in the State of Texas, when the contract was written, and transacted no business in Texas until after the plaintiff ceased to become an employee of Gulf Pipe Line Company.

Hickman was injured early in December, 1936, and left the employ of the Pipe Line Company on December 23, 1936. He gave written notice of his disability on March 19, 1937, in writing, and deposited same in the United States mail, and same was received on March 22, 1937. A proof of loss blank was sent to plaintiff's attorney, in answer to the above notice, on April 5, 1937, but the letter enclosing such blank used this language: "It must be understood that this company is not admitting any liability nor waiving any of its rights by furnishing this blank."

The insurance company specifically pleaded, in bar of Hickman's right of recovery, the provisions of the policy that "no claim for permanent total disability incurred by the employee during his period of employment shall be paid after the termination of such employment unless such employee gave written notice of such disability to the company during the said period of employment or within 60 days thereafter," and alleged that Hickman had not complied with these provisions of the contract.

It is undisputed that these allegations are true, and Hickman's right to recover must be bottomed on the theory that the contract of insurance will be construed in the light of the laws of Texas, and not those of Pennsylvania.

The cause was tried to a jury and the jury found, in answer to issues submitted, (1) that Hickman was an employee of Gulf Pipe Line Company on December 3, 1936,
(2) and was such until December 23, 1936, (3) that said employer was a subsidiary of Gulf Oil Corporation on said December 3rd, and (4) on said December 23rd, (5) Hickman sustained an injury on December 3, 1936, while in such employment, (6) that such injury produced pulmonary tuberculosis, as a natural result, (7) that this disease produced total disability, (8) that such is permanent, (9) that by taking reasonable care of himself, Hickman will not, within a reasonable time, be able to obtain and retain employment of the same or similar nature as that in which he was engaged when injured (he was employed as an engineer at a pumping station), (10) the injury did not produce partial disability, (11) the disability is not temporary, (12) that Hickman was discharged from his employment on December 23, 1936.

The insurance carrier requested a peremptory instruction, which was refused.

The trial court rendered judgment for the plaintiff, and defendant's amended motion for a new trial being overruled, the appeal was taken.

The judgment was rendered upon the theory that there is evidence to support a finding by the trial court that the insurance carrier was doing business in the State of Texas when the policy of insurance was issued.

We hold that the evidence does not support such conclusion.

The mere fact that appellant was licensed to do business in Texas, when the policy was written, but that it did not qualify to write insurance in this State until the month of December, 1939, does not, in connection with the terms of the policy, constitute "doing business", as is contemplated by Article 5546 (Rev.Civil Statutes).

There was much confusion, in the courts of Texas, over the terms and provisions of the contract here under consideration and similar contracts, until the Supreme Court of the United States settled the question in the case of Boseman v. Connecticut General Life Ins. Co., 301 U.S. 196, 57 S. Ct. 686, 81 L.Ed. 1036, 110 A.L.R. 732.

The Supreme Court holds that unless the insurer was doing business in Texas, the provisions of the policy of insurance are to be construed in the light of the laws where the contract was made. The contract so specifically provides and its provisions are a material part thereof.

The facts in the Boseman case are almost identical with those in the instant suit. .

The opinion in the Boseman case was not written when we decided the case of Metropolitan Life Ins. Co. v. Wann, 81 S. W.2d 298. The Supreme Court of Texas granted a writ and reversed and remanded the Wann case, and in the opinion followed the holding of the Supreme Court of the United States, and effectively overruled all adverse holdings made by the appellate courts of Texas. Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470, 115 A.L.R. 1301.

Because the contract must be construed in the light of the laws of the State of Pennsylvania, and such laws approve the provisions of the contract on which appellant relies to defeat recovery thereunder, the judgment of the trial court is reversed and judgment is here rendered for appellant.