**AETNA LIFE INSURANCE COMPANY, a Connecticut Corporation, Plaintiff,**

v.

**Elizabeth Harrington MITCHELL et al., Defendants.**

**Civ. A. No. 5703.**

United States District Court
M. D. Pennsylvania.

Feb. 12, 1960.

H. Alvan Baird, Williamsport, Pa., for plaintiff.

Pasquale P. Yannella, Olean, N. Y., Harold B. Fink, Jr., Robert J. Flint, Coudersport, Pa., for defendants.

FOLLMER, District Judge.

This is an interpleader proceeding to determine the parties entitled to the proceeds of a life insurance policy. The facts on which the parties are in substantial agreement are as follows:

On June 15, 1949, Aetna Life Insurance Company, a Connecticut corporation with its principal office in Hartford, Connecticut (hereinafter called "Aetna"), issued its Certificate No. 3319 to John T. Harrington in connection with Group Life Insurance Policy No. 14795 issued to Clark Bros. Co., Inc., a New York corporation with its principal office in Olean, New York (hereinafter called "Clark Bros."). Clark Bros. is a division of the Dresser Operations, Inc., a Texas corporation with its office in Dallas, Texas (hereinafter called "Dresser").

The master policy was delivered by Aetna to Clark Bros. in New York.

Payment of all premiums due and owing under the group policy was made in New York and forwarded to Aetna in Connecticut.

Insured designated his wife, Mary M. Harrington, as his beneficiary and he made no subsequent change of beneficiary.

Mary M. Harrington died May 29, 1954, as the result of a gunshot wound inflicted by her husband, the above named insured John T. Harrington, at that time in the employ of Clark Bros. John T. Harrington died on the same day, May 29, 1954, by suicide, leaving no direct heirs surviving him. The named beneficiary, Mary M. Harrington, left three minor children by a former marriage. The claimants are Edwin W. Hanley, duly appointed, qualified and acting Administrator of the Estate of Mary Harrington, Deceased, and Elizabeth Harrington Mitchell, Gertrude Harrington Liebel, Winifred Harrington Pikulski, Michael Harrington, Eugene Harrington, and Helen Harrington Feichter, brothers and sisters of the insured, John T. Harrington.

Defendants, brothers and sisters, filed motion for judgment on the pleadings in their favor. Attached to the said motion was affidavit of Margaret J. Cecchi, Personnel Assistant in the employ of Clark Bros. The affidavit set forth that deponent had been in the employment of Clark Bros. for fifteen years; that as such Personnel Assistant it was her duty to keep and maintain all personnel records pertaining to employees of Clark Bros., including maintaining and keeping all insurance records, insurance applications and withholding certificates of the employees; that the said records indicated that assured had lived at various addresses in the State of New York from September, 1947, to December 4, 1951, and from December 4, 1951, to May 29, 1954, at Coudersport, Pennsylvania; and that Certificate No. 3319, dated June 15, 1949, issued to John T. Harrington was delivered to the said insured at the Personnel Office of Clark Bros. in Olean, New York.

It would follow from the above that all of the moving factors in this case occurred in the State of New York. The master policy was delivered by Aetna to Clark Bros. at Olean, New York. The application for insurance was made at Olean, New York. Certificate to insured employee under said master policy was delivered to insured at Olean, New York. Insurance premiums were paid from Olean, New York. The rights of the parties must therefore be determined by the laws of the State of New York. In Newspaper Readers Service, Inc. v. Canonsburg Pottery Co., 3 Cir., 1945, 146 F.2d 963, 965, the court stated, inter alia:

"Under the Pennsylvania conflict of laws rule the interpretation of a contract is determined by the law of the place of contracting. * * * By the law of Pennsylvania a contract is made when and where the last act necessary for its formation is done. * * * Since in this case the final act, the acceptance, was in Massachusetts we have consulted the law of that state. * *"

That, however, is not a matter of serious consequence here since the underlying principles of law applicable to the facts of this case are substantially the same in both states.

The certificate of insurance here involved carries this paragraph:

"The Employee has designated Mary—Wife as his beneficiary to receive such benefits as are payable under the Group Life and the Group Accidental Death and Dismemberment Policies in the event of the death of the Employee. The Employee may change his designation of beneficiary as often as desired by written request filed at the Headquarters of the Employer or at the Home Office of the Insurance Company. Such change will take effect as of the date of execution of such request, whether or not the Em-

ployee be living at the time of such filing, but without prejudice to the Insurance Company on account of any payments made by it before receipt of such request at its Home Office. If any designated beneficiary predeceases the Employee, the share which such beneficiary would have received if living will be payable equally to the remaining designated beneficiary or beneficiaries, if any, who survive the Employee; but if no designated beneficiary survives the Employee or if no beneficiary has been designated, the insurance will be payable to the first of the following successive beneficiaries (or class of beneficiaries) who survive the Employee; the Employee's (a) widow or widower; (b) surviving children, equally; (c) father and mother, equally, or to the survivor; (d) surviving brothers and sisters, equally; (e) executors or administrators."

■ As above indicated, insured made no change of beneficiary, consequently, assuming that the beneficiary predeceased the insured, the contract of insurance would prevail and the proceeds of the policy would be payable to the first qualifying group, here the brothers and sisters of the insured. "A policy, it has been held, may make special provision for the distribution of proceeds where the beneficiary predeceases the insured, in which event general statutes pertaining thereto would have no application." 2 Appleman Ins. L. & P. § 1126.

■ Pennsylvania's "Property Rights of Slayers Act" of August 5, 1941, P.L. 816, § 11, 20 P.S. § 3451(b) provides as follows:

"If the decedent is beneficiary or assignee of any policy or certificate of insurance on the life of the slayer, the proceeds shall be paid to the estate of the decedent upon the death of the slayer, unless the policy names some person other than the slayer or his estate as alternative beneficiary, or unless the slayer by naming a new beneficiary or assigning the policy performs an act which would have deprived the decedent of his interest in the policy if he had been living."

Accordingly, the provisions of this Act would not apply as the policy did name persons other than the slayer or his estate as alternative beneficiaries.

The Uniform Simultaneous Death Act (Pennsylvania, June 19, 1941, P.L. 138, § 4), 68 P.S. § 524, captioned:

"An Act providing for the disposition of property where there is no sufficient evidence that persons have died otherwise than simultaneously and to make uniform the law with reference thereto."

provides as follows:

"Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."

Section 89 of the New York Decedent Estate Law, captioned "Disposition of property where there is no sufficient evidence that persons have died otherwise than simultaneously.", provides in subsection 4 as follows:

"Where the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."

■ " * * * The burden is cast upon the person desiring to prove that the beneficiary survived the insured to so prove, * * *." 2 Appleman Ins. L. & P. § 745. See also, Baldus v. Jeremias, 296 Pa. 313, 145 A. 820.

2 Henry Pa. Evid. 4th Ed. § 657, states the proposition as follows:

"Where two or more persons perish in the same disaster, and there

is no fact or circumstance to prove which survived, there is no presumption whatever on the subject. None arises from consideration of age or sex, and the law will no more presume that all died at the same instant than it will presume that one survived the other. It treats the case as one to be established by evidence, and lays the burden of proof on him who claims survivorship. * * * ."

11 P.L.E. Death § 6, states, inter alia, as follows:

" * * * In case of a question of survivorship between an insured under a life policy and a beneficiary, the act creates a presumption that the insured survived, in a departure from the common-law rule that in the case of death of two or more persons in a common disaster there was no presumption whatever on the subject of survivorship, but that the burden was on the one asserting survivorship to prove it."

Counsel for the Administrator strenuously contends that Pennsylvania law should govern in the interpretation of the contract, but he has failed to introduce one scintilla of evidence to indicate that the wife beneficiary survived the slayer insured.

Furthermore, certified copies of the Coroner's reports on file in the Office of Pennsylvania Department of Health which were submitted to the Court show that Mary Harrington was "shot by husband" and died May 29, 1954, at 6:50 P.M., E.S.T., and that John T. Harrington died a suicide on May 29, 1954, at 6:55 P.M., E.S.T. The certificate of the Coroner is required under Pennsylvania law [1] and under Federal law is admissible into evidence, although open to contradiction and not binding upon the jury.[2]

No attempt was made by the Administrator of the Estate of Mary Harrington to contradict the Coroner's reports and as a matter of fact in brief opposing motion of brothers and sisters for judgment on the pleadings, stated, "for the purpose of the questions for which this brief is submitted is (sic) to be assumed that John T. Harrington, the insured, survived Mary M. Harrington, the wife-beneficiary."

Counsel for the Administrator of the named beneficiary argues at great length that under the laws not only of Pennsylvania but likewise of New York, insurance recovery is not only barred as a matter of public policy to the surviving slayer himself but also to those who claim derivatively through him. Of course, we are not met here with that problem. We are here bound by the contract. The proceeds of this policy, under the circumstances of this case, are clearly payable to the brothers and sisters of the insured not derivatively through their brother, the slayer-insured, under the Intestate Laws of either Pennsylvania or New York, but through the provisions of the master policy between the Insurance Company and the insured employer.

As stated by the court in Boseman v. Connecticut General Life Insurance Co., 301 U.S. 196, 202, 57 S.Ct. 686, 689, 81 L.Ed. 1036,

" * * * Petitioner and other insured employees were not parties to, nor did they have any voice in, the negotiation or consummation of the contract. * * * "

Further (301 U.S. on page 203, 57 S.Ct. at page 690),

" * * * But the certificate is not a part of the contract of, or necessary to, the insurance. It is not included among the documents declared 'to constitute the entire con-

---

1. Act of June 29, 1953, P.L. 304, art. V, § 503, 35 P.S. § 450.503.

2. Thomas v. Conemaugh & Black Lick Railroad Company, 3 Cir., 1956, 234 F.2d 429, 434; see also, Meth v. United Benefit Life Ins. Co., 3 Cir., 1952, 198 F.2d 446.

tract of insurance.' Petitioner was insured on the taking effect of the policy long before the issue of the certificate. It did not affect any of the terms of the policy. It was issued to the end that the insured employee should have the insurer's statement of specified facts in respect of protection to which he had become entitled under the policy. It served merely as evidence of the insurance of the employee. Petitioner's rights and respondent's liability would have been the same if the policy had not provided for issue of the certificate. * * *"

This conclusion does not offend the public policy either of Pennsylvania or New York.

Motion of brothers and sisters of the insured employee, John T. Harrington, for judgment in their favor will be granted and the proceeds of the policy will be ordered paid to the said brothers and sisters, to wit: Elizabeth Harrington Mitchell, Gertrude Harrington Liebel, Winifred Harrington Pikulski, Michael Harrington, Eugene Harrington, and Helen Harrington Feichter, equally.