NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHERYL CLARK,

      Plaintiff-Appellant,

  v.

TRANSAMERICA LIFE INSURANCE
COMPANY,

      Defendant-Appellee.

No.   20-16756

D.C. No.
2:20-cv-00539-JAM-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted April 19, 2023
San Francisco, California

Before:  VANDYKE and SANCHEZ, Circuit Judges, and LASNIK,[**] District
Judge.

    Sheryl Clark ("Clark") appeals the district court's dismissal of her complaint

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and its

denial of her motion for leave to amend her complaint.  We have jurisdiction under

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

28 U.S.C. § 1291 and, reviewing de novo, we affirm. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 807 (9th Cir. 2020).

For 26 years, Clark's mother, Delaine Stowell, paid a monthly premium to the JC Penney Corporation for life insurance coverage. The JC Penney Life Insurance Company—now, the Transamerica Life Insurance Company—issued and delivered the policy to the JC Penney Corporation in Illinois (the "Policy"). Stowell received a certificate of insurance, as required under the Policy, which identified her as the "insured" and the JC Penney Corporation as the "policyholder" (the "Certificate"). In 2018, Stowell missed a payment and shortly thereafter passed away. After Transamerica initially denied Clark's claim for benefits, she filed a class action complaint, alleging violations of Cal. Ins. Code §§ 10113.71 and 10113.72, which require, among other things, a 60-day grace period and notice before the termination of an insurance policy issued or delivered in California for nonpayment of a premium.

The district court did not err in dismissing Clark's complaint. The California statutes only apply to policies issued or delivered in California. *See* Cal. Ins. Code §§ 10113.71, 10113.72. There is no dispute that the Policy was issued and delivered in Illinois and the Certificate was delivered in California. The sole question is whether the Certificate is part of the Policy or merely reflects evidence of insurance.

Under federal and California precedent, a certificate is part of a policy—*i.e.*, the contract of insurance—when it contains terms and conditions that differ from the master policy. *See, e.g.*, *John Hancock Mut. Life Ins. Co. v. Dorman*, 108 F.2d 220, 221–23 (9th Cir. 1939) (holding that a certificate is part of the insurance when the policy requires the issuance of the certificate, and the terms of the certificate are broader than those in the policy); *Humphrey v. Equitable Life Assur. Soc. of Am.*, 67 Cal. 2d 527, 534 (1967) (holding that "the terms of the certificate are binding on the insurer" for group employer insurance where there is conflict or ambiguity between a certificate and the group master policy (citing *Dorman*, 108 F.2d at 222)). This precedent is consistent with the California Insurance Code, under which a certificate that does not "amend, extend or alter the coverage afforded by" an insurance policy is only "evidence of insurance." Cal. Ins. Code § 384; *cf.* Cal. Ins. Code § 380.

Here, the Certificate is not part of the Policy because the Certificate, on its face, does not alter or add to substantive terms of the Policy. *See Boseman v. Conn. Gen. Life Ins. Co.*, 301 U.S. 196, 203–04 (1937) (holding that a certificate is not "necessary to" the insurance when it does "not affect any of the terms of the policy," *i.e.*, when the insured's rights and the insurer's liabilities "would have been the same if the policy had not provided for issue of the certificate"). Indeed, the Certificate issued to Ms. Stowell reflects that it is "not part of the policy but

3

evidence of the insurance provided under the policy" and that "[t]he policy and any attachments are the entire contract of insurance."[1]  Because any amendment would be futile, the district court did not err in denying Clark's motion for leave to amend.  *Kroessler*, 977 F.3d at 807.

**AFFIRMED.**

---

[1] Clark's remaining statutory and policy arguments fail to persuade because there is no indication that the California Legislature intended for notice and grace period requirements to apply to insurance policies not issued or delivered in California. In light of our conclusion, we do not reach the separate question whether the Policy is an individual or group policy under Cal. Ins. Code § 10113.72.