# Wood *v.* Praul, Appellant.

*Ejectment—Parol gift of land—Evidence.*

In an action of ejectment to recover land which the defendant claimed to hold as a gift from plaintiff's testator, a verdict and judgment for plaintiff will be sustained where all that the evidence tended to show was a parol gift of land to the defendant unaccompanied by possession, that the testator lived in the house, paid the taxes and was in actual as well as legal possession.

In such a case where the defendant claimed that she occupied the house as her own after the gift, and that testator merely lived with her, the opinions of neighbors as to who appeared to be the head of the house, is irrelevant gossip and properly excluded.

Where one of defendants disclaimed title the verdict should be directed against her.

Argued Jan. 16, 1907. Appeal, No. 207, Jan. T., 1906, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 301, on verdict for plaintiff in case of Mary Emma Wood v. Catherine Praul and Maud R. Praul. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for a store and dwelling at Logan, Philadelphia.

At the trial it appeared that prior to March 20, 1904, George R. Landes was the record owner of the property in question. He died on that date leaving a will by which he gave all the residue of his estate to his sister, the plaintiff. The defendant offered testimony which tended to show that she and her daughter, the other defendant, went to live with testator, who was her brother, in the year 1892, and that she lived with him until his death. She claimed that in 1892 he gave the property to her by parol gift, and that after the gift the testator lived with her.

The court charged in part as follows:

On March 14, 1888, George R. Landes became the owner of the property in question, it having been conveyed to him by deed. On March 20, 1904, George R. Landes died, leav-

ing a will dated January 25, 1901, which contains the following clause :

"All the rest, residue and remainder of my estate, real, personal and mixed, of what kind or nature soever, and wheresoever, the same shall be at the time of my death, I give, devise and bequeath unto my beloved sister Mary Emma Wood, her heirs and assigns forever."

There is no specific disposition by the will of the property in question, and consequently, under the will, Mary Emma Wood, the plaintiff in this case, acquired the title to the property.

[The defendants rely upon a verbal contract made between Catherine R. Praul and Mr. Landes, the testator, in 1892, whereby he gave the property to Mrs. Praul. Maud R. Praul, the daughter of Catherine R. Praul, testified that Mr. Landes invited his sister, Mrs. Praul, to come to live in the house, permitting her to run the shop on her own account and that she kept house for him. This witness was, at the time this happened, fourteen or fifteen years of age, and her testimony is not satisfactory as establishing the title of Catherine R. Praul.] [4]

Catherine R. Praul came to the house with her daughter in 1892, and remained there until the testator's death, and until the present time. The testator, however, had lived in the house for some years before 1892, and continued to live there until the time of his death.

[In the opinion of the court, the defendants have not made out such a title as would justify or support a verdict in their favor; consequently, I instruct you to render a verdict for the plaintiff.] [5]

The plaintiff is further entitled to recover mesne profits during the time that this defendant occupied the premises after the death of Mr. Landes. The defendant's real estate expert testified that the value of the property was $25.00 a month, and the plaintiff is willing to accept that as the correct amount; consequently, you will render a verdict for the plaintiff and assess mesne profits at the rate of $25.00 a month.

Maud R. Praul is not to be considered as having been in possession of the premises, as she was simply there with her mother. [You will render a verdict in favor of Maud R. Praul,

the defendant, and against the other defendant, Catherine R. Praul.] [7]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (2, 3) rulings on evidence, excluding opinion of neighbors and (4, 5, 7) portions of opinion as above, quoting them.

*Isaac Hassler*, with him *Edward F. Doehne*, for appellant.

*Charles Hunsicker*, with him *George T. Hunsicker* and *Joseph W. Hunsicker*, for appellee.

PER CURIAM, April 1, 1907:

All that appellant's evidence tended to show was a parol gift of land, prima facie ineffective under the statute, and not within any of the exceptions, as there never was any possession in the donee. The holder of the legal title lived in the house, paid the taxes and so far as the evidence showed was in actual as well as legal possession.

The opinions of the neighbors as to who appeared to be the head of the house were irrelevant gossip properly excluded.

The disclaimer of title by Maud R. Praul, the other defendant, should have been admitted of record and a verdict in favor of the plaintiff directed against her. But the error in that regard did no harm of which appellant can complain.

Judgment affirmed.