## Layman, Appellant, *v.* Continental Assurance Company.

Argued October 9, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused December 16, 1964.

*David M. Harrison*, with him *Harrison & Louik*, for appellant.

*William C. Walker*, with him *Dickie, McCamey, Chilcote & Robinson*, for appellee.

OPINION BY MR. JUSTICE JONES, November 10, 1964:
On September 1, 1963, the Continental Assurance Company (insurance company) issued to Fred W. Layman a certificate of insurance, "issued under the terms of Group Life Insurance Policy No. G-10,578 insuring the Members of the American Welding Society", in the amount of $10,000, in which certificate Leah Q. Lay-

man, Layman's wife, was named beneficiary. On January 22, 1964, Layman died and the insurance company has refused payment on the certificate.

Leah Q. Layman instituted a suit on this certificate of insurance against the insurance company in the Court of Common Pleas of Allegheny County. After closure of the pleadings, a motion for judgment on the pleadings, under Pa. R. C. P. 1034, was made on behalf of Leah Q. Layman. From the order of the court below refusing to grant that motion this appeal was taken.[1]

The determination of the propriety of the challenged order must begin with an examination of the pleadings and, in making such an examination, we bear in mind that well-pleaded allegations of fact in the insurance company's answer and new matter must be taken as true even though we are not bound by any inferences of fact or conclusions of law contained therein: *Syme v. Bankers National Life Insurance Co.*, supra Note 1, at 604. The complaint recites the issuance of the certificates of insurance to Layman for $10,000,—a copy being attached to the complaint—, the payment of the required premium, the date of death of Layman, that the death proofs were furnished, that the insurance was in effect at the time of Layman's death and that, although demand was made, the insurance company has refused payment. By way of answer, the insurance company, under new matter, avers that Layman on two occasions—September 26, 1962 and August 1, 1963—had applied for group insurance and, on those occasions, had submitted applications, copies of which were attached to the answer and new matter; that, in these applications, Layman had stated that he had not

---

[1] Such order is appealable: Act of April 18, 1874, P. L. 64, 12 P.S. §1097. See: *Syme v. Bankers National Life Insurance Co.*, 393 Pa. 600, 144 A. 2d 845; *Ross v. Metropolitan Life Insurance Co.*, 403 Pa. 135, 169 A. 2d 74.

had any medical or surgical advice or been confined in a hospital during the period of the past ten years; that said statements were false and such falsity was well known to Layman; that upon the representations contained in these applications the insurance company was induced to issue the certificate of insurance; that Layman knew he had been confined in a certain named hospital from January 24, 1961 to January 31, 1961, and that his condition had been diagnosed as "arteriosclerotic heart disease and congestive heart failure". By way of reply, Leah Q. Layman averred solely that, since the applications referred to had not been attached to and made a part of the certificate of insurance referred to in the complaint, the insurance company could not defend on the basis of statements contained in the applications. In the motion for judgment on the pleadings it was averred that Layman's applications for insurance did not constitute a part of the contract of insurance since they were not attached to the certificate when issued. Relying on the Act of May 11, 1949, P. L. 1210, as amended, 40 P.S. §532.6 and the Act of May 17, 1921, P. L. 682, 40 P.S. §441, it was averred that, since the company failed to attach a copy of Layman's application to the insurance certificate it can not use anything contained in said application as a defense.

The 1921 statute, supra, in pertinent part, provides: "All insurance policies, issued by stock or mutual insurance companies or associations doing business in this State, in which the application of the insured . . . form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant . . .; and, unless so attached and accompanying the policy, no such application . . . shall be received in evidence in any controversy between the parties to, or interested

in, the policy, nor shall such application . . . be considered a part of the policy or contract between such parties."[2] The thrust of the 1921 statute is to bar from evidence any statement contained in an application a copy of which is not attached to the policy of insurance: *Ross v. Metropolitan Life Insurance Co.*, 403 Pa. 135, 169 A. 2d 74; *Syme v. Bankers National Life Insurance Co.*, supra; *Custer v. Fidelity Mutual Aid Ass'n*, 211 Pa. 257, 60 A. 776. Such statutory requirement has been rigidly enforced: *Nacchio v. New York Life Insurance Co.*, 200 F. 2d 770 (3d Cir. 1952) ; *Sandberg v. Metropolitan Life Ins. Co.*, 342 Pa. 326, 329, 20 A. 2d 230.

The 1949 statute, supra, relating to group life insurance, provides, inter alia, that "the standard provisions required for individual life insurance policies shall not apply to group life insurance policies" and that "No policy of group life insurance shall be delivered in this State unless it contains the following provisions, or provisions which in the opinion of the Insurance Commissioner are more favorable to the persons insured, or at least as favorable to the persons insured and more favorable to the policyholder: . . . (3) a provision that a copy of the application, if any, of the policyholder shall be attached to the policy when issued, that all statements made by the policyholder or by the persons insured shall be deemed representations and not warranties, and that no statement made by any person insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such person or

[2] As we stated in *Lenox v. Greenwich Insurance Co.*, 165 Pa. 575, 577, 30 A. 940: "The general intent [of the Act of May 11, 1881, P. L. 20, reenacted in the 1921 statute] was to keep these statements [i.e., those contained in the application] before the eyes of the insured, so that he might know his contract, and if it contained errors, have them rectified before it became too late."

to his beneficiary." Section 6(7) of the 1949 statute requires the inclusion in a policy of group life insurance of "A provision that the insurer will issue to the policyholder for delivery to each person insured an individual certificate setting forth a statement as to the insurance protection to which he is entitled, to whom the insurance benefits are payable", and certain specified rights and conditions to which he is entitled.

The 1949 statute specifically and expressly covers the type of insurance involved in the case at bar, i.e., group life insurance. In group insurance ". . . the real insured is not the employee but the entity or group of employees, and the employee is in the nature of a beneficiary entitled to receive certain privileges or benefits by reason of that insurance. Therefore, the employer, as representative of that entity, is the real agent of the insured.": Appleman, Insurance Law and Practice, vol. 1, §43, p. 38; *McFadden v. Equitable Life Assurance Society,* 351 Pa. 570, 575, 41 A. 2d 624. Moreover, the 1949 statute clearly distinguishes between the "policyholder" and the "person insured", a recognition that in group insurance the master contract or policy is between the insurance company and the employer,—the latter being the holder of the policy,—and that the employees who obtain a certificate of insurance under the terms of the statute and the master contract or policy are within the class of "persons insured".

In the case at bar, there is no question but that the insurance company issued a certificate of insurance to Layman in compliance with §6(7) of the 1949 statute and that the certificate of insurance so issued did not have attached thereto a copy or copies of Layman's application or applications.

In our view, the legislative mandate as to the requirements of policies of group insurance as distinguished from ordinary life insurance are contained in

the 1949 statute and not in the 1921 statute and it is the 1949 statute which controls group insurance policies and practice.

The question in the case at bar is whether a copy of Layman's application or applications was statutorily required to be attached to the certificate of insurance issued to him. It will be noted that the statute clearly differentiates between the *certificate* issued to the person insured and the *policy* of insurance and that it requires only that a copy of the application be attached to the *policy* when issued, i.e., the master policy between the employer and the company, and that the statute does not require that such copy be attached to the certificate issued to the person insured.

In *Coleman v. Aetna Life Insurance Company*, 261 F. 2d 296 (7th Cir. 1958), there was a suit to recover $5000 upon a life insurance certificate issued by Aetna under a group life insurance plan to Coleman, an employee of a certain corporation. The defense was that Coleman in his application for coverage under the group plan had made misrepresentations material to the risk. No copy of the application was attached to the *certificate* of insurance although, under the applicable Illinois law, a copy of such application was required to be attached to the *policy* before statements in such application could be received in evidence. The Court, in upholding a judgment in favor of Aetna, held that there was nothing in the statute which required that a copy of the application had to be attached to the *certificate* of insurance. See also: *Commercial Insurance Company of Newark v. Burnquist*, 105 F. Supp. 920 (N.D. Iowa 1952) (construing an Iowa statute).

In *Continental Assurance Company v. Henson*, 297 Ky. 764, 181 S.W. 2d 431, construing an Illinois statute, the Court held that the group insurance policy issued to the employer and not the certificate issued to the individual employee was the actual contract or

policy of insurance from which the certificate holders' rights must be measured. See also: *General American Life Insurance Co. v. Wojciechowski*, 314 Mich. 275, 22 N.W. 2d 371; *Boseman v. Connecticut General Life Insurance Co.*, 301 U.S. 196, 57 S. Ct. 686; *Fisher v. U. S. Life Insurance Co.*, 249 F. 2d 879 (4th Cir. 1957).

This is apparently a case of first impression in this Commonwealth. Appellant's counsel ably points out that this Court has consistently maintained under the 1881 and 1921 statutes that statements contained in applications of which copies are not attached to the insurance policy are not admissible in evidence. With that position we are in full agreement. However, those statutes deal only with ordinary life insurance and not with group insurance. In group insurance we are faced with an entirely different factual situation than that present in ordinary life insurance situations and the 1949 statute recognizes the existence of such difference. In group insurance, the primary contracting parties are the insurance company and the employer and the insured employee or his beneficiary have no greater rights than are provided in the policy between the primary contracting parties. The 1949 statute expressly requires that a copy of the application of the *policyholder*—that is, the employer—be attached to the *policy when issued*—that is, the policy issued by the insurance company to the employer—but the statute does not require, either expressly or by implication, that a copy of the application of the *person insured*— that is, the employee—be attached to the certificate issued to the person insured. The reason for the distinction drawn between ordinary and group life insurance policies as to the attachment of a copy of the application of the person insured is evident: the practical difficulties which arise from the fact that one group policy may cover thousands of insured employees in several states. We are of the opinion that under the

applicable statute—the 1949 statute—a copy or copies of applications made by the person insured need not be attached to the certificate issued to such person and that the contention of appellant in this respect is without merit.

From an examination of the pleadings it is clear that the motion for judgment is based *solely* on the allegation that copies of Layman's application were not attached to the certificate of insurance issued to Layman. Whether or not statements made by Layman were *furnished* to Layman or his beneficiary within the requirement of the latter portion of §3 of the 1949 statute is not at issue and cannot on the state of this record be determined.

A motion for a judgment on the pleadings should not be granted unless in a case free from doubt and when it is evident that no meritorious defense has been raised in the pleadings. The instant appeal does not present such a case.

Order affirmed.

Mr. Justice MUSMANNO dissents.