## Coffey v. The Prudential Insurance Company of America

*James F. McCort,* for plaintiff.
*Peter C. Paul,* for defendant.

REIMEL, J., November 25, 1969.—This case is before the court en banc composed of Bolger, Burke and Reimel, JJ., on exceptions by defendant to the decision of the trial court entered on April 15, 1969, in favor of plaintiff, reversing the award of the board of arbitrators in favor of defendant.

On December 3, 1963, Mrs. Lillian Coffey personally applied for a loan to her and her husband, Bernard J. Coffey to the Philadelphia National Bank in the amount of $5,134.20. Subsequently, on December 5, 1963, the loan was made and Mr. and Mrs. Coffey executed an installment judgment note in favor of the Philadelphia National Bank. In due course, a certificate of insurance upon the life of Bernard J. Coffey was issued under and pursuant to a Group Creditors Life Insurance Policy #GL12180, which defendant had in force with the bank. Defendant's group policy with the bank provided life insurance coverage for various debtors who obtained loans from the bank. The master insurance policy was issued by defendant to the bank as policyholder in 1953. When eligible persons obtained loans from the bank, the bank delivered or mailed a certificate evidencing the insurance coverage.

This certificate contained a provision which excluded from coverage any indebtedness incurred on or after the debtor's sixty-fifth birthday. However, at trial, it was established that no such provision appeared in the credit application that Mrs. Coffey executed. In addition, Mrs. Coffey testified that she never received a certificate of insurance from the Philadelphia National Bank and her testimony in this regard was uncontradicted. Thus, it appears that Mrs. Coffey was never given notice of the provision which consti-

tutes the basis of this suit. In addition to arguing that there was no notice, plaintiff also argued that she honestly believed her husband to be younger than the maximum coverage age and, therefore, was not guilty of misrepresentation.

After much consideration, this court has reached the conclusion that the award of the board of arbitrators was correct. Therefore, the judgment of the trial court will be reversed and judgment will be entered for defendant.

The crucial point to be emphasized is that a group life insurance policy is a contract between the insurer and the policyholder. In this case, the policyholder was not Mrs. Coffey, but the Philadelphia National Bank. The rights of the insurer, policyholder and the insured are governed by that contract. Although the relation of the policyholder and the insured here is that of creditor and debtor rather than that of employer and employe, the insurance issued was still group life insurance rather than ordinary life insurance. It has long been the law in Pennsylvania that in group insurance the primary contracting parties are the insurance company and the employer. The insured employe or his beneficiary have no greater rights than are provided in the policy between the primary contracting parties: Layman v. Continental Assurance Company, 416 Pa. 155, 205 A.2d 93 (1964). Therefore, it is immaterial that Mrs. Coffey may have had no notice of the age restriction provision of the policy. Not being a party to the contract, she had no standing to insist that she be put on notice.

A recent case very much in point is South Branch Valley National Bank v. Williams, 151 W. Va. 775, 155 S.E. 2d 845 (1967). That case involved practically the same facts as the instant case. The court held that the debtor, being over 65 was clearly ineligible for coverage under the bank's creditor group life insurance

policy and any attempt to include him within the covered group must be chargeable to the bank, not the insurer. The court also held that neither the bank nor its representative was an agent of the insurer.

Likewise, it is immaterial that Mrs. Coffey honestly believed her husband's age to be lower than the maximum limit of the policy. An honest, though mistaken, belief cannot enlarge the terms of a group life insurance policy. Likewise, misstatements of age will not entitle the insured to a partial recovery if the insured were beyond the age limit fixed by the insurer. The insured must show that there was a purchasable policy for one of the true age of the insured: 7 Couch on Insurance 2d §37:52.

Judgment for plaintiff having been reversed by the court en banc and judgment entered in favor of defendant, the court, therefore, enters the following:

### ORDER

And now, November 25, 1969, the judgment for plaintiff is reversed and judgment is entered for defendant, Prudential Insurance Company of America.