# Kroiz, Appellant, *v.* United States Fire Insurance Company.

Argued June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Irwin S. Lasky*, for appellant.

*A. Jay Molluso*, with him *Techner, Rubin, Shapiro, Silverstein & Slass*, for appellee.

OPINION BY JACOBS, J., September 22, 1975:

This is an appeal from the denial of a motion for judgment on the pleadings[1] in an assumpsit action.[2] For the reasons stated hereinafter we affirm.

Briefly stated the facts are as follows: the appellant, Kroiz, [hereinafter A] won a verdict in an action against B. B posted an appeal bond on which the appellee, United States Fire Insurance Company, [hereinafter C] appeared as surety. B lost on appeal but did not pay the judgment, and A brought this action against C on the bond. These facts, alleged in A's complaint, were admitted by C in its answer, and on these facts standing alone A could properly win on the pleadings. The surety's liability is both immediate and direct. *Pittsburg [h] Constr. Co. v. West Side Belt R.R. Co.*, 227 Pa. 90, 75 A. 1029 (1910), *aff'd*, 219 U.S. 92 (1911).

---

1. Pa.R.C.P. 1034.

2. This order, although clearly interlocutory, is properly appealable under the Act of April 18, 1874, P.L. 64, §1, *as repealed in part*, 12 P.S. §1097 (Supp. 1975-76). "This statute is limited in scope and effect and permits an appeal from an order refusing plaintiff's motion for judgment on the pleadings in actions of assumpsit only, and then only when plaintiff's motion for judgment is refused upon pleadings consisting of plaintiff's complaint and defendant's answer . . . ." *Reading Co. v. Willow Dev. Co., Inc.*, 407 Pa. 469, 470, 181 A.2d 288, 289 (1962). *See Layman v. Continental Assur. Co.*, 416 Pa. 155, 205 A.2d 93 (1964); *Boyle v. Philadelphia Police Widows' Pension Fund Ass'n*, 219 Pa. Superior Ct. 230, 280 A.2d 577 (1971).

However, C alleged in new matter that D had obtained a judgment against A; and that D had issued a writ of execution in attachment against B, attaching any funds which B held for the benefit of A. D obtained a judgment against the garnishee, B, who thereafter paid the amount of the judgment into court pursuant to an order.

In considering A's motion for judgment on the pleadings the court was required to consider as true all well-pleaded allegations in C's answer and new matter. *Bata v. Central-Penn Nat'l Bank,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007 (1967). Utilizing this standard it is clear that the court correctly denied A's motion. B has apparently performed his obligation to A by paying the sum into the court in the garnishment proceeding. Indeed, if B had paid A, he would be required to pay a second time to D. *Humphrey v. O'Donnell,* 165 Pa. 411, 30 A. 992 (1895). When the principal has satisfied his obligation the surety is discharged. *Brock's Assigned Estate (No. 1),* 312 Pa. 7, 166 A. 778 (1933).

Order affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.