## Perlman v. Perlman

*Joseph A. Holko,* for plaintiff.
*Howard S. Epstein,* for defendant.

DIEFENDERFER, *J.,* January 4, 1984. This case comes before the court on plaintiff's motion for judgment on the pleadings, pursuant to Pa.R.C.P. 1034. Plaintiff, Judith Pool Perlman, and defendant, Allen Gerson Perlman, entered into a written post-nuptial agreement (hereinafter referred to as agreement) in contemplation of a final decree of divorce.[1] The agreement dealt with several topics, including the issues of mutual property rights, alimony, child support, custody and visitation rights.

Pursuant to paragraph 7 of the agreement, plaintiff was to transfer her interest in the property and premises located at 1390 Springhouse Road, Allentown, Pa., to defendant. Defendant agreed to pay to plaintiff the sum of $100,000 on the date of execu-

---

1. A final decree of divorce was entered on May 9, 1983.

tion and delivery of the deed. Defendant further agreed to pay to plaintiff the additional sum of $180,000 within six months of the date of execution and delivery of the deed or upon the date of the sale of the Springhouse Road property, whichever occurred first.[2]

Plaintiff transferred her interest in the property, pursuant to the agreement, on August 24, 1982, and on that date, defendant paid to plaintiff the sum of $100,000. Six months later, on February 24, 1983, the property not having been sold in the interim, plaintiff demanded from defendant the sum of

---

2. Paragraph 7 in its entirety, provides:

"Wife agrees to transfer, convey, release and otherwise waive and relinquish all and any claims, interest, right, title or ownership in the property and premises known as 1390 Springhouse Road, Allentown, Pa., and the dwelling and outbuildings erected thereon to Husband and Husband shall retain sole title, claim, interest, right and ownership of said property and premises. Husband assumes all duties and obligations concerning payment of any mortgage affecting the said Allentown property, as well as any other costs, expenses, payment, lien, federal tax obligation or the like affecting said Allentown property, and releases Wife from any duty or obligation pertaining to the same. Both parties agree and covenant that they will cooperate with their respective counsel in preparing and executing deeds, releases and any other documentation necessary to effectuate the conveyance or transfer of said Allentown property to Husband individually. Husband agrees and covenants that upon the date of the execution and delivery of the deed to the aforementioned Allentown property, that he will make a payment of $100,000 to Wife by either cash, bank check or money order, as requested by Wife and Husband further agrees and covenants that he will make an additional payment of $180,000 to Wife within six months of the date of the execution and delivery of the said deed to him or upon the date of the sale of upon mentioned property, whichever first occurs, in full, final and complete satisfaction of any and all claims, rights, or interest of Wife in any property, real or personal, acquired by the parties, jointly or individually, during their marriage."

$180,000 pursuant to paragraph 7 of the agreement. After defendant's failure to pay the above sum, plaintiff filed this complaint.

Defendant, in his answer, admits that he has not paid the sum of $180,000 to plaintiff, and claims that he does not owe any money to plaintiff, due to plaintiff's alleged breach of paragraph 8 of the agreement during the six month interim period. Paragraph 8 provides that plaintiff is to have custody of the parties' minor children but that defendant retains the right of visitation with said children and both parties agree to confer on all important matters pertaining to the children's health, welfare, education, and upbringing.[3]

In his new matter, defendant claims that plaintiff denied him the visitations and consultations agreed upon in paragraph 8; thus, as a result of plaintiff's antecedent breach, defendant is not liable to plaintiff for any amount of money. In her reply to new matter, plaintiff denies any breach of paragraph 8 and avers that paragraph 8 sets forth a separate and independent duty and obligation upon the parties than that set forth in paragraph 7 of the agreement.

---

3. Paragraph 8, in its entirety, provides:

"Wife shall retain full and permanent custody, care and control of the parties aforesaid minor children; however, Husband retains the right of visitation with the said children at any time mutually agreeable, including weekdays and weekends. Further, Husband is entitled to visitation with said children comprising overnight visits and other extended visitations mutually agreeable to the parties. Both parties agree and understand that portions of this agreement relating to visitation may be changed upon agreement of the parties at a future time based on circumstances dictated by the children's requirements and the good faith understanding of both parties as parents. Both parties agree to confer on all important matters pertaining to their children's health, welfare, education and upbringing, to assure the children's best interests."

Plaintiff further avers that even if she breached paragraph 8, such breach would constitute a separate and independent cause of action from that brought by plaintiff on paragraph 7.

Plaintiff has now moved for judgment on the pleadings, claiming that defendant's answer and new matter fail to state a legal defense to plaintiff's cause of action. Defendant argues that outstanding questions of fact exist which preclude the entry of judgment on the pleadings.

A judgment on the pleadings is to be granted only in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 378, 224 A.2d 174, 178 (1966), cert. denied, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed. 2d 433 (1967). An examination of the pleadings must reveal that the case is clear and that there are no issues of fact. Commonwealth ex rel. Milk Marketing Board v. Ohio Casualty Insurance Company, 25 Pa. Commw. 371, 377, 360 A.2d 788, 791 (1976). The court is required to consider as true all well-pleaded allegations in defendant's answer and new matter. Kroiz v. United States Fire Insurance Company, 235 Pa. Super. 507, 509, 344 A.2d 516, 517 (1975).

Plaintiff contends that the parties intended that the provisions of the agreement be separate and independent and that this intent can be clearly ascertained by reference to the agreement itself. Defendant agrees that the intent of the parties determines whether the provisions of the agreement are dependent or independent, but asserts that the issue of intent is a factual one, which requires a fact-finder's adjudication and precludes the entry of judgment on the pleadings.

The intent of the parties is relevant in determining the meaning of covenants in a contract if there

is doubt or ambiguity as to their meaning. Lipsie v. Dickey, 375 Pa. 230, 234, 100 A.2d 370, 372 (1953). However, in the agreement in the present case, no ambiguity exists, and it is clear on its face that the various provisions of the agreement involve separate and independent duties.

The duties involved in paragraph 7 of the agreement are clearly contingent upon one another, as the duties of each party are dependent upon performance by the other party. As plaintiff has performed her duties under paragraph 7 by transferring the property, defendant is now obligated to perform his part of the bargain and pay the remainder of the money due to plaintiff.

However, the agreement between the parties is extensive and deals with many different issues. Each provision of the agreement creates a number of separate and independent rights, duties and obligations for each party. The nature of these duties and obligations is such that their performance was clearly not designed to be contingent upon the performance of the duties required by the other provisions.[4] For example, paragraph 9 of the agreement provides for the payment of child support by defendant. Defendant's duty to pay support is certainly not contingent on plaintiff's conduct in permitting visitation. Commonwealth ex rel. Mickey v. Mickey, 220 Pa. Super. 39, 280 A.2d 417

---

4. Further support for this finding appears in paragraph 25 of the agreement which provides:

"If any term, condition, clause or provision of this agreement shall be deemed or held to be void or invalid at law or otherwise, then only that term, condition, clause or provision shall be stricken from this agreement as is held to be void or invalid, and in all other respects, the remaining provisions in this agreement shall be valid and remain in full force and operation."

(1971); Commonwealth ex rel. Crane v. Rosenberger, 212 Pa. Super. 144, 239 A.2d 810 (1968). The very nature of the agreement and the duties involved therein preclude the construction and interpretation which defendant would have us adopt.

We find that plaintiff's failure to allow defendant visitation rights, while certainly not condoned by this court, is not an antecedent breach of the agreement and does not relieve defendant of his duty to pay plaintiff the remainder of the money due as a result of her transfer of the property to him.

We note that defendant is not without a remedy for plaintiff's alleged failure to allow visitation. Defendant has a separate and independent cause of action against plaintiff and can petition the court to enter an order granting him appropriate visitation rights.[5]

We note further that the provision of the agreement concerning visitation is written in very general terms; as written, enforcement would be difficult, if not impossible. The entry of a visitation order, should such prove necessary, would remedy this vagueness, in addition to providing a means of enforcing defendant's visitation rights.

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is hereby granted and judgment is entered for plaintiff and against defendant for the sum of $180,000.

---

5. It is against public policy to destroy or limit the relation of parent and child. A parent has seldom been denied the right of visitation. Commonwealth ex rel. Lotz v. Lotz, 188 Pa. Super. 241, 245, 146 A.2d 362, 364 (1958), aff'd, 396 Pa. 287, 152 A.2d 663 (1959).

If there are any problems with voluntary visitation, the court can enter and enforce an appropriate order. Haraschak v. Haraschak, 268 Pa. Super. 173, 407 A.2d 886 (1979).

## ORDER

Now, January 4, 1984, for the reasons stated in the attached opinion, plaintiff's motion for judgment on the pleadings is hereby granted and judgment shall be entered in favor of plaintiff against defendant for the sum of $180,000, with interest thereon from February 24, 1983.