## Plunket v. Metropolitan Life Insurance Co.

*Laverne Kovacs,* for plaintiff.
*John Heslop,* for defendant.

PEOPLES, *P.J.,* November 2, 1984 — On March 23, 1983, plaintiff, a Pennsylvania resident, initiated this action by filing a complaint in assumpsit, seeking the recovery of benefits under the terms of a group health insurance plan issued by defendant to plaintiff's employer. On July 7, 1983, defendant filed an answer containing new matter to which plaintiff filed his answer on September 2, 1983. On March 8, 1984, the parties to this action filed stipulations of fact and thereafter plaintiff and defendant filed motions for summary judgment on May 17, 1984, and August 7, 1984, respectively. Legal counsel for each of the parties duly filed briefs and argued orally regarding the motions on August 29, 1984. The matter is now before the court for disposition of those motions.

According to the aforementioned stipulation of facts on November 7, 1981, a step-daughter of plaintiff sustained serious injuries in an automobile-pedestrian accident and as a result thereof hospital and medical bills were incurred totaling $2,813.58.

At all times relevant to this proceeding plaintiff and his step-daughter were insured under their own no-fault insurance policy issued by Nationwide Insurance Company. The step-daughter's hospital and medical expenses were paid by the Nationwide Company pursuant to the provisions and terms of that policy.

During the same period both plaintiff and his step-daughter were also insured by defendant herein under the terms of a group health care policy issued to plaintiff's employer, Frye Metals, Inc. Defendant corporation maintains its principal place of business in the State of New York. The subject group health care policy was negotiated, delivered and issued in the State of New York on standardized forms approved by that state's insurance department.

A claim made by plaintiff upon defendant for the payment of the aforementioned medical expenses was denied by defendant upon the ground that the policy in question contained a coordination of benefits clause. That clause stipulates that if an employee, or a dependent of an employee, is insured by motor vehicle no-fault coverage, then the benefits otherwise available under defendant's group policy are subject to reduction by the amount of the proceeds received from the no-fault insurance carrier. Defendant's refusal of plaintiff's claim led to the filing of the instant action.

In support of plaintiff's motion for summary judgment the argument is advanced that if this case be deemed to be controlled by Pennsylvania law, then plaintiff would be entitled to recover from defendant despite a prior recovery for the same expenses from plaintiff's no-fault carrier. In support of its motion for summary judgment, defendant argues that the case is governed by the law of the State of New York

and that, therefore, plaintiff is not entitled to a double recovery. Thus, posed for decision by this court are the following issues:

1. Whether the controversy is governed by the law of Pennsylvania or the law of New York; and

2. Whether a duplicate recovery may be had by plaintiff even if the law of Pennsylvania is found applicable to the case.

In Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796 (1964), the Supreme Court of Pennsylvania in dealing with a question of applicable law adopted an approach which is a combination of the theory of governmental interest and the theory of significant contacts (Restatement (Second) of Conflict of Laws). The prescription of the Supreme Court in Griffith, supra, calls for the court to consider both the significant contacts of the contract with the competing jurisdictions and the interest of each of the jurisdictions in the subject matter of that contract. Melville v. American Homes Assurance Company, 584 F.2d 1306 (3rd Cir., 1978).

Applying the rationale of the Griffith, supra, decision we seek to determine which state (Pennsylvania or New York) has the most significant contact with the group policy in question. The policy was negotiated, delivered and issued in the State of New York on a form approved by the insurance department of that state. In all these respects, the contract of insurance has significant contacts with the State of New York. Pennsylvania's significant contacts with the policy in question consist of the residence of plaintiff and the location of plaintiff's employer's plant.

In Henning v. Metropolitan Life Insurance Company, 546 F.Supp. 442, (M.D. Pa. 1982), a group disability insurance policy had been negotiated, signed, delivered and issued in the State of New

York by a New York corporation to plaintifff's employer, a company doing business in the State of Pennsylvania. Plaintiff, a Pennsylvania resident, had become totally disabled and applied for and ultimately received social security benefits. The employee also filed a claim under the aforementioned disability insurance policy which resulted in the announcement by defendant insurer that any benefits paid would be reduced by the amount of social security benefits paid to plaintiff in connection with the same disability. The policy involved in Henning, supra, contained a coordination of benefits clause which provided for a reduction of benefit payments to the extent of any social security benefits received by claimant.

The court in Henning, supra, determined that New York had the most significant contacts with the policy of insurance because that policy had been requested, negotiated, signed, issued and delivered in New York State. Further, the court determined that the policy had also been approved by the Insurance Department of the State of New York while Pennsylvania had only two significant contacts. Those contacts were determined to be the domicile of plaintiff and the location of one of plaintiff's employer's plants in the Commonwealth.

The similarity of factual situations existing in the instant matter and in Henning, supra, causes this court to find the Henning, supra, decision significantly applicable to this matter. Our measure of the facts in this case leads to the conclusion that the state having the most significant contacts is the State of New York.

Turning attention to the question of which of the two states has the greatest interest in the subject matter of this action, we note that under the provisions of the group insurance policy here involved

the insured is actually the body of persons who are employees of the plant's employer. Thus, the employer as the representative of that group of employees is the actual agent of the insured. Layman v. Continental Assurance Company, 416 Pa. 155, 205 A.2d 93 (1964). The employer is presumed to have greater bargaining power and expertise in business and insurance concerns. Ostensibly, the employer's bargains and contracts are made at arms length. The employer acting as agent for the group of employees negotiates the insurance coverage as well as the price and terms of the policy and all such negotiations are binding upon the employee group. The coordination of benefits clause contained in the subject policy was accepted by the employer as a part of its agreement with defendant. Plaintiff as a member of the group, is bound by that clause as well as all other provisions of the policy. The enforcement of that provision of the policy will not, in the judgment of this court, result in a frustration of Pennsylvania's interest in the matter.

What interest, if any, has the State of New York in this matter? In view of this court, New York has a substantial interest in assuring that all group policies of insurance issued in that state be interpreted uniformly accordingly to its own state law.

"The interpretation of group insurance policy should be tempered by the greater need for uniformity and consistency of decision so that 'everywhere it shall have the same meaning and give the same protection' and that inequalities and confusion liable to result from application of diverse state laws shall be avoided." Boseman v. Connecticut General Life Insurance Company, 301 U.S. 196 (1936)

In Henning, supra, the court found that New York had a substantial interest in having all group

policies issued in New York interpreted uniformly according to New York laws. With a view to making certain that this interest be not frustrated, the legislature of New York enacted the New York insurance law which regulates the issuance of all group insurance policies in that state regardless of the domicile of the group members. To the knowledge of this court the General Assembly of Pennsylvania has enacted no legislation for the regulation of policies issued in another state and covering Pennsylvania residents. The Pennsylvania Insurance Law, 40 P.S. §751, governs only those group policies issued or delivered in Pennsylvania (see Henning, supra, at page 447).

The policy of insurance in this case (as was the policy of insurance in Henning, supra) is subject to the regulatory scheme of the State of New York. Pennsylvania has imposed no such regulation upon such a policy. Thus, we conclude that the State of New York has a substantial interest in the present matter which greatly exceeds any interest demonstrated by the Commonwealth of Pennsylvania.

Having reached the conclusions heretofore stated, this court is satisfied that the instant controversy is to be controlled by the law of the State of New York and for that reason there is no need for us to address any other issues raised by the instant motions. It is, therefore, concluded that the following is an appropriate

## ORDER

Now, this November 2, 1984, it is hereby ordered, directed and decreed that plaintiff's motion for summary judgment is denied and dismissed.

It is further ordered, directed and decreed that defendant's motion for summary judgment is granted

and the prothonotary of this court is directed to enter judgment in favor of defendant and against plaintiff in final resolution of the instant action.