## Dobryndia v. Dobryndia

*Steven Goldman,* for plaintiff.
*Jay C. Glickman,* for defendant.

GARB, *P.J.,* March 27, 1986 — Plaintiff has appealed from our order of October 25, 1985, wherein we granted judgment on the pleadings to defendant.[1]

---

1. The notice of appeal was served upon us on February 28, 1986. Counsel for plaintiff/appellant, has filed an affidavit asserting that he did not receive notice of the entry of judgment, but rather that he only became aware of its existence on February 4, 1986, when he made specific inquiry. We will not further address the question of timeliness of the appeal in this opinion.

In addressing the motion for judgment on the pleadings filed on behalf of defendant, all of the facts which are well pleaded by plaintiff in his complaint and his reply to defendant's new matter, together with all reasonable inferences therefrom are deemed admitted. *Keil v. Good*, 467 Pa. 317, 356 A.2d 768 (1976) and *Kraiz v. U.S. Fire Insurance Company*, 235 Pa. Super. 507, 344 A.2d 516 (1975).

This is an action in equity wherein the parties were formerly husband and wife, now divorced. Essentially, plaintiff seeks an order of recision of a deed to real estate which he executed in defendant's favor on August 2, 1983. The complaint asserts that plaintiff and defendant were at the time it was filed, and had been since September 10, 1979, the owners in fee of real property located at R.D. 3, 123 D Cobbler Road, Quakertown, Bucks County, Pa., more fully described in a deed recorded in Deed Book 2353, page 21, in the Office for the Recording of Deeds by and for Bucks County. The complaint asserts that plaintiff lacks training in and knowledge of business matters, particularly matters concerning real estate, and that he relied on defendant's knowledge and experience in real estate matters, as well as her personal integrity and reposed special trust and confidence in her. The complaint then asserts that on or about August 2, 1983, defendant falsely and fraudulently represented and promised to plaintiff that if plaintiff would sign a deed to his property to defendant, defendant would not record said deed, and defendant would discontinue a divorce action filed by defendant on or about January 20, 1983, in the Bucks County Court of Common Pleas. It is asserted that the representation and promise made by defendant with the fraudulent "attempt" not to fulfill the same and were made to induce plaintiff to attach his signature to the deed and

to procure the deed and gain title to the property. The complaint then asserts that the representation and promise made by defendant were material and that plaintiff relied upon them in executing the aforesaid deed. It is then asserted that defendant did not discontinue the divorce action, but on the contrary, obtained a final decree in divorce on December 1, 1983. It is asserted that the deed was recorded in the Office for the Recording of Deeds on August 15, 1983, and that immediately after plaintiff's discovery of the falsity of defendant's representation that he gave oral notice to defendant that the deed must be cancelled and declared null and void, but that defendant has failed and refused to reconvey the property.

The complaint in divorce, to which reference is made in this complaint, was filed in this county on January 20, 1983. That complaint in divorce sought, in count I, a divorce under section 201(c) as well as 201(a)(6) of the Divorce Code; equitable distribution in count II, asserting that plaintiff and defendant have acquired both real and personal property during the course of their marriage and that they have been unable to agree upon an equitable division thereof; alimony in count III; support in count IV; alimony pendente lite, counsel fees, costs and expenses in count V; custody of the children in count VI. Thus, it is clear, that this divorce action, instituted by defendant herein, sought to resolve the full panoply of marital rights as contemplated by the Divorce Code of Pennsylvania.[2] Defendant, in that divorce action, plaintiff and appellant herein, was represented at that time. On December 21, 1983, this court entered a decree finally divorcing the parties:

---

2. The Act of April 2, 1980, P. L. 63, 23 P.S. §101 et. seq.

"The said Beatrice G. Carfrey Dobrydnia, plaintiff, and Edward J. Dobrydnia, defendant, be and they are hereby divorced from the bonds of matrimony, and all the duties, rights, and *claims accruing to either of the said parties* at any time heretofore, in pursuance of the said marriage shall henceforth cease and determine. . . ." (emphasis supplied).

Defendant, in that divorce case, plaintiff and appellant herein, appealed from the entry of that decree to the Superior Court. Before the appeal could be determined, the appellant therein, and herein, discontinued that appeal with prejudice.

Accepting all of the facts of plaintiff's complaint herein, and with respect to the prior divorce action, we believe that there is no material fact before us for determination, and that the facts as we accept them, dictate judgment for defendant. The prior action in divorce included a claim for equitable distribution of real and personal property. This complaint asserts as a fact that the property in question herein belonged to both plaintiff and defendant at the time the complaint in divorce was instituted. Therefore, it was part of the property for which plaintiff in the divorce action sought equitable distribution, and that issue was then before the court. The divorce decree, a broad and sweeping one, included all rights and claims of the parties then and there existing. Quite obviously, the issues of the conveyance were matters which the court would have to resolve in the equitable distribution aspect of the divorce action. Plaintiff herein cannot save himself on the argument that he only learned too late of the perfidy of his wife. The complaint asserts that it was the understanding between the parties that the deed was not to be recorded, but was given in return for defendant's promise to discontinue the divorce action.

Quite obviously, appellant herein knew that the divorce action had not been discontinued at the time the final decree was entered on December 21, 1983. He took an appeal to the Superior Court and subsequently discontinued it with prejudice.

Based upon the foregoing factual record before us at the time of the entry of judgment on the pleadings, we are satisfied that judgment was dictated by the holding of *Gantz v. Gantz*, 338 Pa. Super. 528, 488 A.2d 17 (1985). Therein, the Superior Court held that the intent of the Divorce Code was to mandate the consolidation of all issues germane to the dissolution of a marriage so as to prevent fragmentation of those issues. The court held that 23 P.S. §301(a) must be interpreted to require consolidation of all issues in divorce so as to counter the monumental waste of judicial time and litigant's money which is represented by continued application of the former antiquated procedure. The issue of equitable distribution was brought before the court, and appropriately so under section 301(a) of the Divorce Code at the time of the divorce. By the complaint in this action, plaintiff considered the property in question to be part of the marital estate. As such, it must be contemplated conclusively that the matter of equitable distribution of all marital property was accomplished by the final decree in divorce. That was our conclusion at the time of the entry of our order from which this appeal is taken.