## Posega v. Gazda

*Robert F. Felton,* for plaintiffs.
*Joseph N. Bifano,* for defendant.

WOLFE, *P.J.,* October 6, 1986—The pleadings are closed and defendant has moved for judgment on the pleadings under Rule of Civil Procedure 1034 which permits entry of judgment if there is no genuine issue of fact to be resolved after accepting as true all the well pleaded facts of the complaint

plaint and granting plaintiff all reasonable inferences that flow from the facts. It is now concretely settled the motion will be granted only where there are no factual issues and the law is so clear a trial would be a fruitless exercise. *Kroiz v. U.S. Fire Insurance Co.,* 235 Pa. Super. 507, 344 A.2d 516 (1975); *Shumaker v. Lear,* 235 Pa. Super. 509, 345 A.2d 249 (1975). A leading case to resolve a summary judgment motion is *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968).

The facts leading to plaintiffs' ejectment action are not in dispute. Plaintiffs acquired three parcels of land in Hickory Township on October 6, 1978, and the deeds were duly recorded 11 days later. On September 12, 1983, the tax claim bureau of Forest County caused these premises to be sold at public sale for the delinquent property taxes of 1981 and delinquent school taxes for the year 1982. Defendant was the successful bidder at the tax sale, and the bureau delivered three deeds to defendant, as well as a bill of sale for a mobile home situate thereon. Defendant caused these deeds under date of November 15, 1983, to be recorded and defendant thereafter assumed possession and control of the property.

Plaintiffs have filed answer to defendant's motion for judgment and have admitted the foregoing facts of the tax sale, but advance the opposition to the motion because plaintiffs were not notified by the tax bureau of the sale of their premises and therefore the transfer of their property to defendant by virtue thereof is a nullity.

In order to maintain an ejectment action, plaintiff must have either title to the lands with a present right of continued possession or it must appear plaintiff had actual bona fide possession of the lands and was ousted from possession by defendant and

has an immediate right to exclusive possession. *Barnsdall v. Bradford Gas Co.*, 225 Pa. 338, 74 Atl. 207 (1909); *Wood v. Praul*, 217 Pa. 293, 66 Atl. 528 (1907); *Dice v. Reese*, 342 Pa. 379, 21 A.2d 89 (1941). One having the right of possession may succeed in ejectment even though the title to the property is in another, and the person having the present right of possession may even succeed in ejectment against the one having the legal title. Conversely, where plaintiff has no title to the premises or right to the possession thereof, he is not in position to oust defendant from his possession by an ejectment action. *Africa v. Trexler*, 232 Pa. 493, 81 Atl. 707 (1911); 22 Standard Pa. Practice 2d 120:14.

In an ejectment action, the burden of proof is with plaintiff and is required to recover fully on the strength of his own title rather than on the weaknesses of defendant's title. *Hallman v. Turns*, 334 Pa. Super. 184, 482 A.2d 1284 (1984) holding:

"Plaintiff's burden in action of ejectment is clear: He must establish a right to immediate exclusive possession. (citation omitted). In order to recover in an ejectment action, plaintiff must show title at the commencement of the action and can recover, if at all, only on the strength of his own title, not because of weakness or deficiency of title in defendant. (citations omitted). This rule places upon plaintiff the burden of proving a prima facie title, which proof is sufficient until a better title is shown in the adverse party. Plaintiff in an ejectment suit, as in other cases, need not go further than to make out a prima facie case. (citation omitted). Until and unless plaintiff has made a prima facie case by showing title sufficient upon which to base a right of recovery, the defendant is not required to offer evidence of his title. . . ."

It is therefore apparent because plaintiffs rest their ejectment action on a deficient title in defendant by virtue of the alleged void tax sale, plaintiffs are asserting the weakness of defendant's title and not the strength of their own. Under these circumstances there is no genuine issue of fact and a trial would be futile to establish what plaintiffs have already established.

For these reasons we enter the following

### ORDER

And now, this October 6, 1986, defendant's motion for judgment on the pleadings is granted.